**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARUN KHANNA, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| RICHARD SOKOLOFF d/b/a RICHARD SOKOLOFF ATTORNEY AT LAW; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ARUN KHANNA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, RICHARD SOKOLOFF d/b/a RICHARD SOKOLOFF ATTORNEY AT LAW. ("SOKOLOFF"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is

not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and

"debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection

practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and

to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Middlesex, State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SOKOLOFF is an attorney licensed in New York with an office located at 990 S.

Second Street, Suite 1, Ronkonkoma, New York 11779.

8.      Upon information and belief, SOKOLOFF uses the mail, telephone, and facsimile

and regularly engages in business the principal purpose of which is to attempt to collect debts

alleged to be due another.

9.      SOKOLOFF is a "Debt Collector" as that term is defined by 15 U.S.C. §

1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the

purpose of substituting names of defendants whose identities will be disclosed in discovery and

should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from SOKOLOFF, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 *et seq.* as set forth herein.

- The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice and/or practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(3); 1692e(5); and 1692e(10) *et seq*.

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    At some time prior to December 25, 2014, Plaintiff allegedly incurred a financial obligation to PRINCETON RADIOLOGY ASSOCIATES ("PRINCETON RADIOLOGY").

16.    The PRINCETON RADIOLOGY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The PRINCETON RADIOLOGY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    PRINCETON RADIOLOGY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    At some time prior to December 25, 2014, the PRINCETON RADIOLOGY

obligation was placed with SOKOLOFF for the purpose of collection.

20.    At the time the PRINCETON RADIOLOGY obligation was placed with

SOKOLOFF for the purpose of collection, the balance was past due.

21.    At the time the PRINCETON RADIOLOGY obligation was placed with

SOKOLOFF for the purpose of collection, the obligation was in default.

22.    SOKOLOFF caused to be delivered to Plaintiff a letter dated December 25, 2014,

which was addressed to Plaintiff.  **Exhibit A.**

23.    The December 25, 2014 letter was sent to Plaintiff in connection with the

collection of the PRINCETON RADIOLOGY obligation.

24.    The December 25, 2014 letter is a "communication" as defined by 15 U.S.C. §

1692a(2).

25.    Upon receipt, Plaintiff read the December 25, 2014 letter.

26.    The December 25, 2014 letter states in part:

PLEASE ASK FOR: MR. QUILL

"AS OF TODAY THERE REMAINS A BALANCE DUE ON
THIS ACCOUNT AS INDICATED ABOVE."

"IF YOU HAVE NOT ALREADY MADE AN ARRANGMENT
WITH MY OFFICE, PLEASE REMIT THE BALANCE DUE
DIRECTLY TO THIS OFFICE SO I MAY CLOSE OUT THIS
MATTER."

27.    The outstanding balance claimed to be due by SOKOLOFF on the PRINCETON

RADIOLOGY obligation as of December 25, 2014 was $351.00.

28.    The December 25, 2014 letter contains the names Richard Sokoloff, Esq. and

Jeffrey Pilinko, Esq. under "VERY TRULY YOURS."

29.     Richard Sokoloff is not licensed to practice law in New Jersey.

30.     Jeffrey Pilinko is not licensed to practice law in New Jersey.

31.     No attorney employed by SOKOLOFF was licensed to practice law in New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

32.     Defendant's use of the December 25, 2014 letter would confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the matter as an attorney and if so, to what degree of involvement.

33.     The overall impression that Defendant's collection letters, the same or substantially similar to Defendant's December 25, 2014 letter, give to Plaintiff and other similarly situated is that of potential legal action.

34.     Defendant's collection letters, the same or substantially similar to Defendant's December 25, 2014 letter, falsely imply that an attorney, acting as an attorney, is meaningfully involved in collecting the consumer debts at issue.

35.     The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney reviewed the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

36.     Defendant's December 25, 2014 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA.  *See* Smith v. Michael Harrison, Esquire, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011).

## POLICIES AND PRACTICES COMPLAINED OF

37.     It is SOKOLOFF's policy and practice to send letters and notices to Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)     Making a false representation or implication that an attorney is meaningfully involved.

38.     On information and belief, Defendant engaged in the practices described herein by sending written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

39.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40.     Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with his attempts to collect debts from Plaintiff and others similarly situated.

42.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with his communications to Plaintiff and others similarly situated.

43.     Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

44.     Defendant violated 15 U.S.C. § 1692e(3) of the FDCPA by falsely representing meaningful attorney involvement in his collection letters to Plaintiff and others similarly situated.

45.     Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was meaningfully involved in the collection attempts as an attorney.

46.     Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was acting as an attorney in his collection attempts and whether Defendant's collection letters implied potential legal action.

47.     Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by making a false, deceptive, or misleading representation in his collection letters to Plaintiff and others similarly situated regarding his level of meaningful attorney involvement.

48.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

49.     Defendant's December 25, 2014 letter violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by Defendant.

50.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51.     Defendant violated 15 U.S.C. §1692e(10) by falsely representing that an attorney was meaningfully involved in the collection process and by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen Chulsky, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 12, 2015

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*s/ Glen Chulsky*
Glen Chulsky, Esq. (GC777)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.

Dated: September 12, 2015

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

████████████

*Richard Sokoloff*
*Attorney at Law*
*990 S. SECOND STREET-SUITE 1*
*RONKONKOMA, NY  11779*
*FAX: 1-(888) 322-9957*

ARUN KHANNA                                December 25, 2014
████████████████████

RE: PRINCETON RADIOLOGY ASSOCIATES
**ACCOUNT #:** ██████          **PLEASE ASK FOR: MR. QUILL**
AMOUNT: $351.00                  PH#: 631-223-7161
PATIENT: SELF

DEAR ARUN KHANNA :

AS OF TODAY  THERE REMAINS  A BALANCE DUE ON  THIS ACCOUNT AS
INDICATED ABOVE.

IF YOU  HAVE NOT ALREADY MADE AN ARRANGEMENT WITH MY  OFFICE,
PLEASE REMIT THE BALANCE DUE DIRECTLY TO THIS OFFICE SO I MAY
CLOSE OUT THIS MATTER.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

VERY TRULY YOURS,                          VERY TRULY YOURS,


RICHARD SOKOLOFF, ESQ.                     JEFFREY PILINKO, ESQ.
RS/MOS/CL/02/04/13                         JJP/MOS
------------------------------------------------------------------
*FOR YOUR CONVENIENCE, MY OFFICE ACCEPTS VISA AND MASTERCARD, IF*
*YOU PREFER TO PAY BY CREDIT CARD, PLEASE EITHER CALL MY OFFICE *
*AT  631-223-7161  OR COMPLETE THE QUESTIONAIRE BELOW AND RETURN*
*IT TO MY OFFICE.                                               *
------------------------------------------------------------------
AMOUNT YOU WOULD LIKE TO CHARGE: $_____.ATTORNEY ACCT #: ██████
NAME AS IT APPEARS ON CREDIT CARD: _____
ADDRESS THAT STATEMENT IS SENT TO: _____

PLEASE CHECK OFF APPLICABLE CREDIT CARD: VISA____/MASTERCARD_____
ACCOUNT NUMBER: _____-_____-_____-_____.EXPIRATION DATE___/___/__
BANK OR CREDIT AGENCY THAT ISSUED THE CARD: _____
DAY TIME PHONE NUMBER: (    ) _____-_____


SIGNATURE:_____.TODAYS DATE:___/___/___


NYC DEPT. OF CONSUMER AFFAIRS #: 1326774