**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARUN KHANNA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SOKOLOFF d/b/a RICHARD SOKOLOFF ATTORNEY AT LAW et. al.,<br><br>Defendant. | Civil Action No. 15-6814 (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon attorney, Joseph K. Jones ("Class Counsel"), Counsel for Plaintiff Arun Khanna, on behalf of himself and all others similarly situated ("Plaintiffs") Motion for Attorneys' Fees. (ECF No. 26). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Class Counsel's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's Motion for Attorneys' Fees, (ECF No. 26), is **GRANTED**.

### I. BACKGROUND

On September 12, 2015, Plaintiffs filed a lawsuit against Defendant Richard Sokoloff d/b/a Richard Sokoloff, Attorney at law ("Defendant"). The lawsuit alleges that Defendant sent collection letters to Plaintiffs in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"). On December 9, 2015, Defendant filed his Answer to the Complaint, denying some of Plaintiffs' claims and asserting affirmative defenses. (Def. Ans., ECF

No. 9). On January 13, 2016, the parties informed the Court that they had reached a settlement "with respect to the class" and that they planned on filing a joint motion for preliminary approval of the class settlement by January 31, 2016. (Jt. Ltr., ECF No. 10). On February 3, 2016, the parties filed their joint motion for preliminary approval of class certification. (Jt. Motion, ECF No. 11). On February 4, 2016, the parties consented to this Court's jurisdiction. (Consent Order, ECF No. 13). On April 11, 2016, this Court Granted preliminary approval of the class certification. (Order, ECF No. 16). A final approval hearing was scheduled for July 11, 2016. The parties requested that the hearing be adjourned to September 14, 2016. (Order, ECF No. 18). On September 6, 2016, the parties filed a joint motion for final approval of class certification. (Jt. Br., ECF No. 19). The joint motion brief indicates that the parties "engaged in extensive informal and formal disclosure and discovery including exploration of the merits of the Plaintiff's claims and the defendant's defenses, the size of the defined class, the identities of potential class members. . . and other matters relevant to the nature of the case." (Jt. Br., ECF No. 19 at 2). Additionally, the parties indicated that they participated in numerous settlement discussions. Id. On September 14, 2016, this Court entered an Order granting final approval of the class action settlement. (Order, ECF No. 21). Pursuant to the settlement agreement, Defendant agreed, inter alia, to pay reasonable attorneys' fees. The Court reserved on Class Counsel's motion for attorney's fees. Id. On October 5, 2016, Class Counsel filed this motion for attorney's fees. (Pl. Br., ECF No. 26). For the reasons stated below, the Court Grants Class Counsel's application for attorney's fees and expenses.

## II. LEGAL DISCUSSION

"In a class action settlement, the court must thoroughly analyze an application for attorney's fees, even where the parties have consented to the fee award." Varacallo v. Mass. Mut. Life Ins. Co., 226 F.R.D. 207 (D.N.J. 2005) (citing In re GMC Pick-Up Truck Fuel Tank

Prods. Liab. Litig., 55 F.3d 768 (3d Cir. Pa. 1995)). "Determining an appropriate award, however, is not an exact science." Id. The Court must look at the facts of the case and determine whether they merit the amount of attorney's fees. Varacallo, 226 F.R.D. 207 at 248.

In determining the reasonableness of the attorney's fees, courts in this district evaluate the fee award amount by either the lodestar approach or the percentage-of-recovery approach. Varacallo, 226 F.R.D. 207 at 248. The lodestar method is generally applied in statutory fee shifting cases and "is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation." Henderson v. Volvo Cars of N. Am., LLC, No. 09-4146 (CCC), 2013 U.S. Dist. LEXIS 46291, *41 (D.N.J. Mar. 22, 2013) (citing In re Cendant Corp. PRIDES Litig., 243 F. 3d 722, 727 (3d Cir. 2001)). "The percentage of recovery method resembles a contingent fee in that it awards counsel a variable percentage of the amount recovered for the class." Varacallo, 226 F.R.D. 207 at 248 (citing In re AremisSoft Corp. Sec. Litig., 210 F.R.D. 109, 128 (D.N.J. 2002)). "The percentage-of-recovery method is used in common fund cases on the theory that class members would be unjustly enriched if they did not adequately compensate counsel responsible for generating the fund." Id. at 249.

In the matter at hand, Class Counsel used the lodestar method to calculate their attorney's fees. In support of this method, Class Counsel cites to the Manual for Complex Litigation (Third) §24.11 (1995) ("Manual"):

> The analysis of attorney's fees in a statutory fee (or fee shifting) case differs philosophically and jurisprudentially from that which applies to a common fund case. The shifting of attorneys' fees in a statutory fee case serves the public policy of encouraging private enforcement of substantive rights created by Congress or the Constitution. For that reason, the lodestar is the appropriate method.

Manual, at §24.13.

In fee shifting cases, the Supreme Court in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) held that "the most useful starting point for determining the amount of reasonable fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Id.</u> at 433.

Defendant does not object to the use of the lodestar method to calculate the attorney's fees at issue. Rather, Defendant's main argument is that Class Counsel's hourly rate of five hundred twenty-five dollars ($525) per hour is unreasonable and excessive. (Def. Opp., ECF No. 23 at 3). Defendant argues that the fees should be reduced. (Def. Opp., ECF No. 23 at 2). Defendant argues, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputations." (Def. Opp., ECF No. 23 at 3) (citing <u>Blum v. Stanson</u>, 465 U.S. 886, 889 n.11 (1984)). Defendant contends that Plaintiff's rate of $525 is excessive. "Even in New York- counsels 'home state'- a rate of $525 per hour for FDCA cases is not the going rate and would be grossly excessive." (Def. Opp., ECF No. 23 at 4). Defendant argues that the "typical hourly rate for FDCA lawyers in New Jersey has been found by Judge Kugler to range from at most $310 per hour to $210 per hour." (Def. Opp., ECF No. 23 at 3). In support of this argument, Defendant cites to (<u>Levy v. Global Credit and Collection Corp.</u>, No. 10-4229 (RBK) 2011 U.S. Dist. Lexis 124226, (D.N.J. Oct. 27, 2011). In <u>Levy</u>, an individual plaintiff brought a claim against the defendant alleging claims in violation of FDCPA 15 U.S.C. §1692. This was not a class action suit. The defendant in Levy argued, inter alia, that the fees claimed by the plaintiff were unreasonable and excessive in light of the services rendered. The court granted the plaintiff's motion for attorney's fees in part and reduced the fees. <u>Id</u>. In the matter at hand, Defendant argues that an hourly rate of $250 is reasonable. (Def. Opp., ECF No. 23 at 5). Additionally, Defendant argues that Plaintiffs should have assigned "the bulk of the work" to junior attorneys "and a reasonable hourly rate" of $210

should have applied. (Def. Opp., ECF No. 23 at 5). Defendant identified 28.46 hours of tasks listed in Plaintiff's accounting that could have been assigned to junior attorneys. (Def. Opp., ECF No. 23 at 6). Furthermore, Defendant argues that the time expended on certain tasks was unreasonable. (Def. Opp., ECF No. 23 at 7). For example, Defendant points to the amount of time Class Counsel allotted to preparing the Complaint. (Def. Opp., ECF No. 23 at 7). "Probably no more than .50 hours would have been needed to fill in what surely is a form complaint." (Def. Opp., ECF No. 23 at 7).

### III. ANALYSIS:

The court will first address whether the rate proposed by Class Counsel is reasonable. The reasonableness of the hourly rate is determined according to the prevailing market rates in the relevant community. Freid v. Nat'l Action Fin. Services, Inc., 2011 U.S. Dist. LEXIS 149668, *6 (citing Blum v. Stenson, 465 U.S. 886 (1984)). The moving party seeking the fee bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Weed-Schertzer v. Nudelman, No. 10-6402, 2011 U.S. Dist. LEXIS 108928, *1, *3 (D.N.J. Sept. 23, 2011) (citing Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir.1997)). Reasonable rates are determined by "assessing the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). The Court is also guided by the twelve-factor test outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974). (See Levy v. Global Credit and

Collection Corp., 2011 U.S. Dist. Lexis 124226, *8 (D.N.J. Oct. 27, 2011).[1] The court has broad discretion in determining an appropriate hourly rate. Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA, 2011 U.S. Dist. LEXIS 135207, *5 (D.N.J. Nov. 23, 2011).

The Court finds that Class Counsel's billing rates are reasonable. Class Counsel's affidavit demonstrates that the "lodestar and expenses for Class Counsel here is $24,0001.85 "reflecting 42.88 hours of attorneys' time plus costs of $1,489.85." (ECF No. 20-1, at 5). Class Counsel has proved that the attorney rate is within the range of what is reasonable and appropriate based on the years of experience and practice in the area of consumer protection in the State of New Jersey. (PL. Rep., ECF No. 26 at 5). Additionally, Class Counsel has demonstrated that this rate has been accepted in the District of New Jersey in similar cases handled by Class Counsel. (PL. Rep, ECF No. 26 at 4). As to Defendant's argument that Class Counsel's rate should range from $210 to $310, Defendant failed to support his position. Defendant cited to Levy v. Global Credit Collection Corp., 2011 U.S. Dist. LEXIS 124226, (D.N.J. Oct.27, 2011). However, Levy involved a plaintiff's (not a class) application for attorney's fees after the acceptance of a Federal Rule of Civil Procedure 68 offer of judgment. The Court finds that this class action involves more complex issues than a single plaintiff case. Additionally, Defendant's argument that Class Counsel should have assigned the "bulk of the work" to its associates is unpersuasive. There is no requirement that Class Counsel assign the bulk of the work to an associate. The only requirement is that

---

[1] The twelve factors to be considered are (1) the time and labor required by the matter; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974). (See Levy v. Global Credit and Collection Corp., 2011 U.S. Dist. Lexis 124226, *8 (D.N.J. Oct. 27, 2011).

6

counsel be reasonable. In sum, Class Counsel has demonstrated that based on the prior awards in Class FDCPA actions the $525 hourly rate charged by Class Counsel is both reasonable and customary.

The Court will now address whether the hours allotted for each task listed in Class Counsel's accounting is reasonable. A court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary." Cassagne, 2011 U.S. Dist. LEXIS 135207, *5 (quoting Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, (3d Cir. 2005)). This Court has reviewed the hours submitted by Class Counsel and finds the time expended to be reasonable. As to Defendant's argument that the time allotted to each task is unreasonable, the Court disagrees. Defendant argues that Class Counsel should not have billed 3.5 hours for preparation of the Complaint. The Court does not find that 3.5 hours is excessive in preparing the Complaint.[2] Nor does the Court find that the accounting listed in Exhibit A of Plaintiff's application includes excessive time for each of the task listed. (See Pl. Br. Ex. A, ECF No. 20-1, at 6-11). Accordingly, the Court finds that Class Counsel's hours were reasonably spent in pursuit of settlement in this case.

---

[2] To find for Defendant on this issue would encourage copying and pasting pleadings, which flies in the face of counsel's Rule 11 obligations and sound ethical lawyering.

## IV. CONCLUSION

For the foregoing reasons, Class Counsel's application for attorney's fees is **Granted**. An appropriate form of Order accompanies this Opinion.

_____ 3/2/17
HONORABLE JOSEPH A. DICKSON